■ MONETA DEVELOPMENT CORP. et al., Appellants, v GENERALI INSURANCE COMPANY OF TRIESTE AND VENICE, Respondent. [622 NYS2d 930] —Judgment, Supreme Court, New York County (Carol Huff, J.), entered June 8, 1993, upon an order, entered on or about March 19, 1993, which granted defendant's motion for summary judgment and dismissed the complaint, unanimously reversed, on the law, defendant's motion denied and the complaint reinstated, with costs.

The within action arises from defendant insurer's refusal to

pay plaintiffs' claim under a commercial "all-risk" policy for the loss of certain property. Plaintiffs' claim is based on the statement of one of its officers that, on March 3, 1988, he observed the subject property, which consisted of forklifts and other heavy equipment and which occupied approximately 6,000 square feet and weighed approximately 22 tons, and that, on March 9, 1988, he observed that most of the equipment was gone. Although a theft report was filed with the police, no signs of forced entry were found.

Defendant refused to pay for the loss of this equipment based on its argument that this disappearance comes within the following policy limitation, "We will not pay for loss of * * * [p]roperty that is missing, but there is no physical evidence to show what happened to it, such as shortage disclosed on taking inventory." Plaintiff thereupon brought this action to compel payment. The IAS Court found that the subject clause excluded the loss, and plaintiff appealed.

In an action based on an insurance claim, the insured has the burden of showing that a valid insurance policy was in full force and effect and that a loss of property occurred. The insurer then bears the burden of demonstrating that an exclusion contained in that policy defeats the claim (*International Paper Co. v Continental Cas. Co.*, 35 NY2d 322). Where an exclusionary clause is subject to more than one interpretation, its applicability is to be construed against the insurer (*Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398).

In this case, the parties are in conflict as to the meaning of the term "physical evidence," which is not defined anywhere in the policy. Defendant argues that this term should be construed narrowly to include only evidence which is physically present after the property's disappearance, such as a broken lock showing that there was a forced entry. Plaintiff, on the other hand, argues that the term should be interpreted broadly, and should include descriptive evidence of a change in physical circumstances, which, in this case, would include the depiction by plaintiff's officer of the physical presence of the property and of its subsequent physical absence.

We find that, in the absence of any definition, this term is sufficiently ambiguous to compel its interpretation in plaintiff's favor. To hold otherwise would mean that even a theft which was actually observed by eyewitnesses, who watched as the thieves physically removed the property, would be excluded, merely because the thieves were skilled enough to leave no signs of forced entry behind them. Clearly, if tangible

remaining evidence of forced entry were required as proof of theft, as argued by defendant, such provision could have been included in the policy. Since this term is ambiguous, it must be construed against the insurer, and must be considered to include, as argued by plaintiff, evidence that the property occupied certain physical space on one date and that it subsequently was missing.

In light of our finding that plaintiff has provided "physical evidence" within the meaning of the policy, it is clear that questions of fact remain as to whether that evidence is sufficient to satisfy the policy requirement that the evidence show what happened to the property. The parties appear to be in agreement that this requirement would be fulfilled as long as the evidence were to show that the property was stolen, rather than that it disappeared in some other fashion. Contrary to the IAS Court, we find that, accepting plaintiff's evidence in opposition as true *(see, Pantote Big Alpha Foods v Schefman,* 121 AD2d 295, 297), the fact that a very large amount of heavy equipment disappeared in a short period of time creates a sufficient inference of theft to withstand summary judgment on the issue of whether the evidence "show[s] what happened to [the property]." This is clearly a different situation from one in which pieces of jewelry or other small items, easily subject to being misplaced or accidentally lost, disappear without explanation *(see, e.g., Goldman & Sons v Hanover Ins. Co.,* 80 NY2d 986).

Whether plaintiff's evidence is credible and, if so, whether it supports an inference showing what happened to the property, are clearly questions of fact, precluding summary judgment. Defendant's argument that this interpretation eliminates the protection against fraud which this clause was meant to provide is unpersuasive. Defendant may still argue to the fact finder that plaintiff's evidence is not credible or that the only theft which is supported by the evidence is an "inside job", which is separately excluded from coverage. Concur—Ellerin, J. P., Kupferman, Williams and Tom, JJ.