■ Newlo Realty Co., Appellant, v U.S.F. & G. Corp. et al., Respondents. (And a Third-Party Action.) [624 NYS2d 33] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered January 5, 1994, which granted defendants insurers' motion for summary judgment dismissing plaintiff insured's complaint, unanimously affirmed, without costs.

Assuming in plaintiff's favor that the water damage it sustained as a result of overflow from a blocked-up bathroom sink drain falls within the coverage provisions of the policy, summary judgment in favor of defendant would still be warranted since the loss falls within the exclusion for "[w]ater that backs up from a sewer or drain". There is no merit to plaintiff's argument that since the three other subclauses of the exclusion refer to events such as floods, tidal waves, mudslides and underground water flows, the doctrine of *ejusdem generis* suggests that the exclusion applies only to natural disasters, natural disasters not ordinarily being regarded as the cause of a backed-up drain *(see, Album Realty Corp. v American Home Assur. Co.,* 80 NY2d 1008, 1010). Nor is there anything about the common understanding of the word "drain", or in the policy itself, that requires a construction limited to underground pipes. The word is unambiguous and applies to the sink drain in question. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Tom, JJ.