■ A. LEONARD DEPAOLO et al., Respondents, v LEATHERSTOCKING COOPERATIVE INSURANCE COMPANY, Appellant. [681 NYS2d 686] —Spain, J. Appeal from an order of the Supreme Court (Torraca, J.), entered March 19, 1998 in Ulster County, which partially denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs allege that on January 19, 1996, a cabin they owned, located in the Town of Pine Hill, Ulster County, was damaged when snow crashed into the rear of the structure and entered through an exterior wall; the flow of snow was forceful enough to push furniture out of the front of the home and down into a ravine. Plaintiffs subsequently reported the damage to defendant, who insured the property, and defendant thereafter sent a claims adjuster to the premises. Following an inspection, which took place approximately two months after the occurrence, the adjuster concluded that the damage was "due to flooding, surface water, waves, landslide and mudflow"; based upon the adjustor's conclusions and the exclusions set forth in the insurance policy, defendant denied plaintiffs' claim. Thereafter, plaintiffs commenced this action for breach of contract and punitive damages for failure to pay a covered claim. After issue was joined and discovery was conducted, defendant moved for summary judgment dismissing the complaint and dismissing plaintiffs' claim for punitive damages. In support of its motion, defendant submitted, *inter alia*, an affidavit from both the adjuster and an engineer, as well as climatological data. Plaintiffs opposed the motion and asserted that the loss was the result of an avalanche, which was not listed as a specific exclusion under the policy and, therefore, the structure was covered. Supreme Court granted defendant's motion insofar as it dismissed plaintiffs' claim for punitive damages; however, the court denied that part of defendant's motion for summary judgment which seeks to dismiss the entire complaint. Defendant appeals.

We affirm. In support of its motion for summary judgment,

defendant submitted, *inter alia*, an affidavit from the adjuster in which the adjuster opined that the loss was "caused by ground/surface water which carried snow and debris down the hillside behind plaintiff[s'] cabin and into the dwelling. The ground/surface water was a result of large accumulations of snow on the hillside and a drastic rise in temperature on the day of the loss which melted away the snow". In making this assessment, the adjuster relied upon local weather reports, newspaper accounts, photographs and an assessment of plaintiffs' property. The adjuster concluded that the loss was excluded from coverage under the policy.

Defendant also submitted the affidavit of an engineer who had inspected the property and concluded that the "loss was the result of ground/surface water which resulted from snow that melted from the adjoining hills as the result of unusually high temperatures". The engineer based his opinion upon an on-site evaluation, a review of weather records for the Ulster County area and weather records for Belleayre Mountain, which is apparently close in proximity to the mountain upon which plaintiffs' cabin is located and is approximately the same elevation. The engineer also opined that "[g]iven the minimal difference in elevation between plaintiff[s'] dwelling and Belleayre Mountain, it is inconceivable that the conditions existing on January 19, 1996 differed between the two locations". As such, the engineer concluded that flooding must have occurred because flooding had occurred in the vicinity of Belleayre Mountain.

In opposition, plaintiffs submitted affidavits from two individuals who were present at the cabin when the damage occurred; both individuals stated that the damage was caused solely by an avalanche of snow and that no water or earth was present in the snow. Moreover, plaintiff Carolee A. Petti submitted an affidavit in which she stated that upon inspection of the home three days after the damage, "there was no frozen water, no ice, only snow" and, further, that "there was no dirt, earth, or leaves in the snow".

It is well settled that once the insured has demonstrated that a valid contract exists at the time the damage occurred, the burden befalls the insurance company to show that "an exclusion contained in that policy defeats the claim" (*Moneta Dev. Corp. v Generali Ins. Co.*, 212 AD2d 428, 429). Any ambiguity, however, is to be resolved in favor of the insured, particularly "exclusion clauses, which are always, as a matter of interpretation, strictly construed against the insurer" (*Kula v State Farm Fire & Cas. Co.*, 212 AD2d 16, 19, *lv dismissed*

*and denied* 87 NY2d 953; *Moshiko, Inc. v Seiger & Smith,* 137 AD2d 170, 175, *affd* 72 NY2d 945). Moreover, while summary judgment may be appropriate in instances in which there is no ambiguity (*see, Loblaw, Inc. v Employers' Liab. Assur. Corp.,* 57 NY2d 872, 876-877), "[i]f there is ambiguity in the terminology used * * * and determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence, then such determination is to be made by the jury" (*Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172; *see, Zuckerman v City of New York,* 49 NY2d 557, 562).

We agree with Supreme Court that questions of fact exist with regard to the actual cause of the damage to this structure. It is well settled that on a motion for summary judgment, we are constrained to view the evidence in a light most favorable to the nonmoving party (*see, Currier v Wiltrom Assocs.,* 250 AD2d 956; *Stata v Village of Waterford,* 225 AD2d 163). In light of the two-month delay in defendant's inspection of the premises, there are questions of fact with regard to whether only snow collided with the building, it being reasonable to assume that there would be a greater degree of melting and/or runoff in March, at the time of the inspection, than in January and that debris might have collected after the damage was done.

Cardona, P. J., Mercure, White and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.