■ ALEXANDER MOUNSEY, Appellant, v ROBERT MOUNSEY, Respondent. [836 NYS2d 724]—

Mugglin, J. Appeal from an order of the Supreme Court (Connor, J.), entered December 23, 2005 in Columbia County, which denied plaintiff's motion for summary judgment.

In this action, plaintiff, defendant's son, seeks to recover all

moneys expended by defendant from a custodial account created under the Uniform Gifts to Minors Act (hereinafter UGMA). The matter is before us on plaintiff's appeal from Supreme Court's denial of his motion for summary judgment because of the existence of questions of fact.

We affirm. The custodial account at issue was created under the UGMA which was repealed in 1997 and replaced with the Uniform Transfers to Minors Act (hereinafter UTMA). Plaintiff contends that Supreme Court erroneously denied his motion for summary judgment because, when he turned 18 years of age on January 29, 1999, under the UTMA, defendant, as custodian of the account, was required to immediately transfer it to him and that any expenditure from the account by defendant thereafter was impermissible. In response, defendant contends that the account was created for the express purpose of funding plaintiff's education (see EPTL former 7-4.4 [b]) and that all moneys expended from the account were for that purpose and done pursuant to the express agreement and understanding of plaintiff.

Accounts created under the UGMA are now generally governed by the provisions of the UTMA (see EPTL 7-6.22 [b]). One notable exception is that accounts created under the UGMA terminate when the minor turns 18 (see EPTL 7-6.22 [b]; see also EPTL former 7-4.4 [d]). Plaintiff is correct that on attaining his majority on January 29, 1999, he was entitled to receive the unexpended balance of the custodial account held by defendant. However, expenditures from the custodial account made for purposes of plaintiff's education prior to January 29, 1999 were authorized (see EPTL 7-6.14 [a]). Plaintiff claims that beginning in December 1999, and regularly thereafter, he or his representative demanded that defendant account for and transfer the moneys to him. Defendant claims, and plaintiff appears to admit, that some time in late 2000 or early 2001, it was agreed between the parties that defendant would keep the moneys in the custodial account pending further instructions. Additionally, defendant maintains that it was the understanding of the parties that defendant would disperse $6,152.50 from the account per college term towards plaintiff's college tuition and, if defendant's 50% share of tuition increased, defendant would pay the increase from his own funds. Nevertheless, plaintiff asserts that he never consented to defendant's use of this money to pay his college expenses, believing that it was defendant's personal obligation to pay 50% of these expenses pursuant to a judgment of divorce. Notably, the separation agreement between plaintiff's parents required defendant to pay one half of all tuition charges to his former wife. The separation agreement fur-

ther required both husband and wife to use their best efforts to make future contributions to the UGMA accounts, but the agreement is silent as to the relationship, if any, between the UGMA accounts and payment of plaintiff's college tuition and, therefore, does not aid in resolving questions of fact. Since these and other genuine issues of fact exist which cannot be resolved on this record without resolving issues of credibility, Supreme Court correctly denied plaintiff's motion for summary judgment (*see Myers v Fir Cab Corp.*, 64 NY2d 806, 808 [1985]; *DePaolo v Leatherstocking Coop. Ins. Co.*, 256 AD2d 879, 881 [1998]; *Consolidated Edison Co. of N.Y. v Jet Asphalt Corp.*, 132 AD2d 296, 299-300 [1987]).

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.