■ SHELLEY CAMPBELL, Respondent, v BRIAN CAMPBELL et al., Defendants, and GERHARD POKRANDT et al., Appellants. [843 NYS2d 471]—

Peters, J. Appeal from an order of the Supreme Court (Czajka, J.), entered August 2, 2006 in Columbia County, which denied the motion of defendants Gerhard Pokrandt and Jean Pokrandt for, among other things, summary judgment dismissing the complaint against them.

Between 1987 and 1989, defendant Brian Campbell, without any involvement of plaintiff, purchased both a business and building in Albany County from defendants Gerhard Pokrandt and Jean Pokrandt (hereinafter collectively referred to as defendants), for which he was required to make monthly payments. When Campbell fell into arrears, he and defendants agreed, in March 1993, to extend the payments by means of a modification, extension and spreader agreement (hereinafter the agreement). This new agreement contemplated, among other things, the execution of a collateral security mortgage on the marital residence owned by Campbell and plaintiff. Michael Hannah, former counsel to plaintiff and later counsel to Campbell, advised Campbell that plaintiff had to sign both the new agreement as well as the collateral security mortgage since she was a joint owner of the marital property.

Plaintiff was working in New York City. For that reason, plaintiff and Campbell agreed to have Hannah prepare a general power of attorney (hereinafter POA). Rosemary Gullo, Hannah's secretary, testified that after Hannah created the POA with numerous delineated powers, she faxed it to plaintiff. Plaintiff allegedly signed the POA and returned it by mail, along with a letter thanking Gullo and Hannah for expediting the process. Gullo, Hannah and Campbell all testified that to their knowledge, plaintiff neither requested revisions or deletions on the powers given to Campbell by the POA nor did she express any reservations about granting it. Hannah further testified that plaintiff fully understood the purpose of the POA and that she had the option of deleting certain powers therein. At the closing, Gullo testified that she notarized the signatures on the agreement, as well as the collateral security mortgage, by relying upon the POA granted to Campbell. Plaintiff contends that it was not until July 1999, when she and Campbell were at Hannah's office for the purpose of a private meeting between them to discuss the dissolution of their marriage, that she first learned of what she contends was a misuse of the POA to mortgage their marital residence. Requesting to see the original POA, plaintiff later admitted to having brought the original and copies into the ladies room where she burned them.

Plaintiff commenced this action seeking to, among other things, vacate the agreement and the collateral security mortgage. Defendants counterclaimed by alleging a default by Campbell and plaintiff on the collateral security mortgage.* With only plaintiff replying to the counterclaims, she contended that her signature on these documents was fraudulent and forged. These contentions were the subject of a motion for summary judgment that she made in 2002 prior to discovery. When the record revealed that plaintiff's signature on these documents was acknowledged by a notary public, Supreme Court (Leaman, J.) found a triable issue of fact.

In 2006, defendants moved for summary judgment seeking a dismissal of the complaint and a judgment of foreclosure and sale. Supreme Court (Czajka, J.) determined that the law of the case doctrine applied but found a triable issue of fact regarding plaintiff's new contention that there was a fraudulent alteration of the POA. Defendants appeal and we affirm.

The denial of plaintiff's motion for summary judgment, alleging a forgery, was predicated upon Supreme Court's recognition of plaintiff's notarized signature on the disputed documents.

---

* Campbell did not answer.

Defendants' current motion for summary judgment is based upon the first time production of a copy of the POA, deposition transcripts of all parties, the production of all relevant agreements and proof of a default. Since plaintiff now contends that the first page of the POA produced in connection with this motion differs from the first page of the POA that she executed, we do not find the second summary judgment motion precluded by the law of the case doctrine (*see La Freniere v Capital Dist. Transp. Auth.*, 105 AD2d 517, 518 [1984]; *see also Chemical Bank v Equity Holding Corp.*, 254 AD2d 56, 56 [1998]; *Smith v Metropolitan Transp. Auth.*, 226 AD2d 168, 168 [1996], *lv denied* 89 NY2d 803 [1996], *cert denied sub nom. Smith v Metro-North Commuter R.R.*, 520 US 1186 [1997]).

Recognizing, as we must, that summary judgment must be denied if issues of credibility remain (*see Mounsey v Mounsey*, 40 AD3d 1293, 1295 [2007]), we find, giving plaintiff, as the nonmoving party, all favorable inferences, that triable issues of fact remain as to whether plaintiff reserved certain powers from the POA which was utilized by Campbell. As Hannah and Gullo were unable to testify unequivocally that plaintiff did not eliminate any specific powers granted by the POA as contained on the first page of that document, we agree that there is a triable issue of fact with regard to plaintiff's contention that the currently produced POA has a fraudulent first page. For this reason, Supreme Court properly denied defendants' motion (*see HSBC Bank USA v Merrill*, 37 AD3d 899, 900-901 [2007], *lv dismissed* 8 NY3d 967 [2007]; *see also Hoffman v Kraus*, 260 AD2d 435, 436 [1999]; *Vasilopoulos v Romano*, 228 AD2d 669, 670 [1996]).

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.