ESSEX INSURANCE COMPANY, Respondent, v GRANDE STONE QUARRY, LLC, et al., Appellants. [918 NYS2d 238]—

Lahtinen, J.

The underlying accident in this insurance coverage dispute occurred when the operator of an all terrain vehicle (hereinafter

---

ATV) entered the insured's real property and was in a single vehicle accident allegedly caused by a dangerous condition on the insured's property. Defendant William Matter sustained personal injuries when the ATV he was operating went down a steep embankment on property owned by defendant Grande Stone Quarry, LLC in the Town of Coxsackie, Green County. Grande was insured under a commercial general liability (hereinafter CGL) policy issued by plaintiff. Upon receiving notice of a potential claim by Matter against Grande, plaintiff notified Grande that the accident was not covered. Plaintiff cited to an endorsement in form ME-001, amending the policy, which provided in paragraph 10: "This insurance does not apply to 'bodily injury', 'property damage', 'personal injury', 'advertising injury' or any injury, loss, or damages, including consequential injury, loss or damage, arising out of, caused by or contributed to: a. by ownership, non-ownership, maintenance, use, or entrustment to others of any 'auto', aircraft, watercraft, snowmobile, all terrain vehicle (ATV), or motorcycle. Use includes operation and 'loading' and 'unloading'."

Matter, and his wife derivatively, eventually sued Grande for injuries allegedly sustained in the ATV accident on Grande's property. Plaintiff then commenced this action against defendants seeking a declaratory judgment that it had no duty to defend or indemnify. Plaintiff moved for summary judgment, all defendants opposed the motion, and Grande cross-moved for summary judgment declaring that plaintiff had a duty to defend and indemnify. Supreme Court denied Grande's cross motion and granted plaintiff's motion, declaring that plaintiff had no duty to defend or indemnify. Defendants appeal.

"The law governing the interpretation of exclusionary clauses in insurance policies is highly favorable to insureds" (*Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.*, 12 NY3d 302, 306 [2009]). An exclusion must be specific and clear, and will be narrowly construed and enforced only when the insurer establishes that the pertinent language is "subject to no other reasonable interpretation" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]; *see Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.*, 12 NY3d at 307; *Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 138 [2006]). If the language is ambiguous, the ambiguity will be construed in favor of the insured, and "the test to determine whether an insurance contract is ambiguous focuses on the reasonable expectations of the average insured upon reading the policy and employing common speech" (*Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321, 326-327 [1996] [citation omitted]; *see Villanueva v Preferred Mut. Ins. Co.*, 48 AD3d 1015, 1016 [2008]).

Plaintiff acknowledges in its brief that paragraph 10 (a) of the form ME-001 endorsement was intended to supersede the exclusion set forth in section I (2) (g) of the CGL policy it issued to Grande. Exclusion (g) mirrored standard CGL policy language, stating, in relevant part: " 'Bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and 'loading or unloading'." Notably, this exclusion is specifically limited to listed activities *by the insured* with regard to the named vehicles of transportation. A recognized purpose of this exclusion is that, "[i]n general, the liabilities excluded under the CGL insurance policy by reason of these provisions are covered under 'mirror image' insuring agreements of automobile, aviation, and marine insurance policies" (21 Holmes' Appleman on Insurance 2d § 132.7 [A] [2]; *cf. Ruggerio v Aetna Life & Cas. Co.*, 107 AD2d 744, 745 [1985]).

As relevant here, paragraph 10 (a) of the form ME-001 endorsement made two changes to exclusion (g). First, it expanded the list of vehicles to include, among others, an ATV. This unambiguously added new vehicles to the exclusion. Second, and key in this case, reference to "any insured" was omitted in the rewording of the exclusion. Plaintiff contends that this constituted a clear change that unambiguously expanded the exclusion to include use of the listed vehicles "by anyone, not just by an insured on the policy." Defendants counter that the policy's silence as to whom the exclusion applies created an ambiguity, which should be construed against plaintiff.

The issue is problematic, and the First Department appears to have accepted an interpretation consistent with the one urged here by plaintiff (*see DMP Contr. Corp. v Essex Ins. Co.*, 76 AD3d 844, 846-847 [2010]). We, however, find defendants' position persuasive. The change that plaintiff contends was made to exclusion (g) by paragraph 10 (a) is significant in that the exclusion would not simply apply to vehicles for which an insured would be expected to obtain separate insurance, but extended to a whole new category of people, i.e., those coming upon the insured's premises via any of the listed vehicles and sustaining an injury due to an allegedly defective condition of the insured's property. While a reasonable insured reading the pertinent language would certainly understand that this policy did not cover the insured's use of the various vehicles, it is not clear that the insured would realize that protection had been extinguished for claims resulting from third parties using such vehicles when injured by a condition of the insured's property.

Rather than omitting the words "any insured," plaintiff could have made clear this fundamental change in the nature of coverage by leaving the words "any insured" and simply adding a few words, such as "or any other persons." Significantly, other subdivisions of paragraph 10 employ exactly such language in making clear that those exclusions extend beyond acts of the insured to include all others. By not using similar clarifying language in paragraph 10 (a)—particularly in light of the significant change in coverage purportedly intended by the insurer in that paragraph—plaintiff failed to create an exclusion having " 'a definite and precise meaning, unattended by danger of misconception' " (*Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.*, 12 NY3d at 307, quoting *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978]; *see Essex Ins. Co. v City of Bakersfield*, 154 Cal App 4th 696, 65 Cal Rptr 3d 1 [2007]). Reading the policy as a whole (*see MDW Enters. v CNA Ins. Co.*, 4 AD3d 338, 341 [2004]), we are not convinced that plaintiff's interpretation is the only reasonable one (*see Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.*, 12 NY3d at 307). The ambiguity in the exclusion must be construed in favor of the insured (*see id.*).

Mercure, J.P., Spain, Rose and Malone Jr., JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, plaintiff's motion denied, cross motion of defendant Grande Stone Quarry, LLC granted, and it is declared that plaintiff has a duty to defend and indemnify Grande in an underlying action.