OPINION OF THE COURT
Phillip R. Rumsey, J.
Plaintiff commenced this action seeking judgment that defendant is obligated to compensate him for damage sustained when waste water flooded basement apartments he owns that were insured by defendant. He now moves for partial summary judgment on the issue of liability and defendant cross-moves for summary judgment dismissing the complaint.
The following facts are undisputed. Plaintiff owns an apartment complex located at 134 Graham Road in the Village of Lansing (the property), comprised of four buildings that each contain 18 apartments. From November 20, 2008 through November 20, 2009, the property was covered by an insurance policy issued by defendant (policy No. B09-35-217; herein the policy). On October 6, 2009 — during the policy period — buildings 1 and 4 were damaged by waste water that entered the buildings through toilets, bathtubs, condensation drains, and laundry room drains located in the basement level. It appears that waste water was caused to back up due to a blockage in a pipe through which the waste water from the buildings was discharged, although the proof does not show whether that blockage occurred on or off the insured premises. Plaintiff timely notified defendant of the loss. By letter dated October 8, 2009, defendant disclaimed coverage on the basis that the policy excludes coverage for losses caused by “water which backs up through sewers or drains” (see aff of Peter Bentkowski, sworn to Dec. 4, 2012 [Bentkowski aff], exhibit C [letter from defendant to plaintiff dated Oct. 8, 2009; herein the disclaimer]).
The policy provides coverage for direct physical loss to the insured premises, “unless the loss is: 1. Excluded in Section B., Exclusions; or 2. Limited in Section C., Limitations; that follow” (policy at SF-3 [A]). Accordingly, plaintiff established prima facie entitlement to summary judgment by showing the existence of the policy and physical damage to the insured premises, thereby shifting the burden to the insurer “to show that ‘an exclusion contained in that policy defeats the claim’ ” (DePaolo v Leatherstocking Coop. Ins. Co., 256 AD2d 879, 880 [1998], *681 quoting Moneta Dev. Corp. v Generali Ins. Co. of Trieste & Venice, 212 AD2d 428, 429 [1995]; see also Robert L. Haig, Commercial Litigation in New York Courts § 67:12 [3d ed 4A West’s NY Prac Series]). Thus, defendant must prove that the exclusion on which it relies precludes coverage for the loss to either defeat plaintiffs summary judgment motion or to prevail on its cross motion seeking summary judgment.
In that regard,
“[t]he law governing the interpretation of exclusionary clauses in insurance policies is highly favorable to insureds. An exclusion must be specific and clear, and will be narrowly construed and enforced only when the insurer establishes that the pertinent language is subject to no other reasonable interpretation. If the language is ambiguous, the ambiguity will be construed in favor of the insured, and the test to determine whether an insurance contract is ambiguous focuses on the reasonable expectations of the average insured upon reading the policy and employing common speech.” (Essex Ins. Co. v Grande Stone Quarry, LLC, 82 AD3d 1326, 1327 [2011] [internal quotation marks and citations omitted]; accord Villanueva v Preferred Mut. Ins. Co., 48 AD3d 1015, 1016 [2008]; DePaolo, 256 AD2d at 880.)
Defendant relies on the clause excluding coverage for damage caused by “water which backs up through sewers or drains” (policy at SF-3 [B] [1] [b]; see disclaimer). In support of his motion, plaintiff asserts that the exclusion is modified by another provision of the policy that explicitly provides coverage for “loss caused by the accidental leakage, overflow or discharge of liquids or steam from a plumbing . . . system” (policy at SF-3 [B] [15]). Plaintiff further argues that the two relevant clauses operate together to provide coverage if the blockage that caused the overflow or discharge occurred within his “plumbing system,” but not if it occurred in a “sewer or drain.” He further asserts that, while New York courts have not addressed the issue, numerous courts in other jurisdictions have determined that a “plumbing system” includes all plumbing and pipes located on the insured premises and the phrase “sewers and drains” refers to facilities located off the insured premises. In opposition, defendant argues that the issue has been resolved in its favor by Newlo Realty Co. v U.S. Fid. & Guar. Corp. (213 AD2d 295 [1995]), which it characterizes as standing for the proposition that overflow from a blocked drain always falls within an exclu *682 sion for “water that backs up from a sewer or drain” — the very same language that is contained in the exclusion on which it relies in this case — regardless of whether the loss was caused inside or outside of the insured’s plumbing system.
The extent to which the sewer and drain exclusion applies must be determined in each case based on the specific policy provisions at issue. In cases where the policy does not contain alternate provisions bearing on the meaning of the sewer and drain exclusion, the plain meaning of the exclusion precludes coverage for damage caused by blockage of a sewer pipe, regardless of where the blockage occurs — i.e., whether on or off the insured premises (see Penn-America Ins. Co. v Mike’s Tailoring, 125 Cal App 4th 884, 893, 22 Cal Rptr 3d 918, 924-925 [Cal Ct App, 3d Dist 2005]; Old Dominion Ins. Co. v Elysee, Inc., 601 So 2d 1243, 1245 [Fla Dist Ct App, 1st Dist 1992]). Policies containing a provision which appears to alter the scope of the exclusion by extending coverage for water damage caused by releases from a plumbing system must be construed by considering both clauses (see Penn-America Ins. Co.; Old Dominion; Hallstead v Blue Mtn. Convalescent Ctr., 23 Wash App 349, 595 P2d 574 [Wash Ct App, Div 3 1979], petition for review denied 92 Wash 2d 1023 [Wash 1979]; Jackson v American Mut. Fire Ins. Co., 299 F Supp 151 [MD NC 1968], affd on op below 410 F2d 395 [4th Cir 1969]). In cases where the applicable policy contained both a sewer and drain exclusion and a clause extending coverage for discharge or overflow of water from a plumbing system, a plumbing system has been consistently defined as including all pipes and fixtures physically located on the insured premises, while sewers and drains have been defined as pipes located off the insured premises (see Hallstead; Jackson; see also Sephardic Lebanese Congregation, Inc. v Travelers Indem. Co. of Conn., 12 Misc 3d 1165[A], 2006 NY Slip Op 51063[U] [Sup Ct, Kings County 2006]).
Newlo Realty Co. is consistent with the foregoing principles, and does not stand, as urged by defendant, for the proposition that coverage for damage caused by water which backs up from a blocked drain is always precluded by the sewer and drain exclusion. While the policy at issue in Newlo Realty Co. contained the same water and sewer exclusion found in the policy in this case, it also included a provision providing coverage for the “accidental discharge of water or steam as the direct result of breaking or cracking of any part of a system or appliance containing water or steam, other than an Automatic Sprin *683 kler System” (record on appeal in Newlo Realty Co. at 249 [emphasis supplied]). Inasmuch as the damage there resulted from overflow of a blocked bathroom sink drain that was neither broken nor cracked, the additional policy provision extending coverage for leakage resulting from a broken or cracked plumbing system did not operate to vary the application of the sewer and drain exclusion under the facts in that case. Accordingly, that Court’s determination that the loss was not covered is consistent with the cases construing the sewer and drain exclusion, in the absence of a pertinent provision altering the application of the sewer and drain exclusion, as precluding coverage for damage caused by overflow or discharge from a drain located on the insured premises (see e.g. Penn-America Ins. Co.; Old Dominion Ins. Co. v Elysee, Inc.).
By contrast, the policy in this case contains both the sewer and drain exclusion and the clause providing coverage for overflow or discharge from a plumbing system. The two clauses are not contradictory; rather, they may be read together, in accordance with their plain meaning, to provide coverage for losses caused by blockages occurring on the insured premises, i.e., within the plumbing system, and to exclude coverage for losses caused by blockages located off the insured premises, i.e., within a sewer or drain (see Hallstead; Jackson; Sephardic Lebanese Congregation, Inc.).
Thus, defendant bears the burden of producing evidence showing that the blockage occurred in a sewer line located off the insured premises. It has failed to meet this burden. The only evidence in the record before the court on this motion regarding the location of the blockage are statements attributable to Peter Bentkowski, who managed the property on plaintiffs behalf. Notably, he states that he has no direct knowledge of the cause of the backup and, if it was a blockage, where it occurred (see Bentkowski aff 1Í1Í 4-5, exhibit A [tr of examination before trial of Peter Bentkowski, herein Bentkowski EBT tr] at 14, 17, 32, 33, 34). His remaining testimony, which is of no probative value on this motion because it is not based on direct knowledge, is bereft of any suggestion that the blockage occurred off the insured premises.*
Thus, the only evidence in the record for the proposition that *684 the blockage occurred off the insured premises is the property loss notice prepared by the Andrews Agency when Bentkowski first reported the loss by telephone on October 6, 2009 — the date of the loss — which attributes to Bentkowski the statement that the loss was sustained when the “main sewer line (Lansing) clogged and backed up into eight of the ground floor apartments” (see aff of David F. McCarthy, sworn to Jan. 2, 2013, exhibit A). This statement is inadmissible hearsay evidence that may not be used to support a summary judgment motion because it is not supported by other nonhearsay evidence (see Suppiah v Kalish, 76 AD3d 829, 832-833 [2010]; Kramer v Oil Servs., Inc., 56 AD3d 730 [2008]).
Statements of an insured contained in a report prepared by the insurer are inadmissible hearsay that is not within the business records exception (see Hochhauser v Electric Ins. Co., 46 AD3d 174 [2007]). Thus, even if the statement had been made by plaintiff directly, it would not be admissible in support of defendant’s cross motion. Moreover, inasmuch as there is no proof that Bentkowski was authorized to speak for plaintiff, Bentkowski’s statements are not binding upon plaintiff (see Raczes v Horne, 68 AD3d 1521, 1523 [2009] [burden on proponent of agent’s statement to show speaking authority]; Alvarez v First Natl. Supermarkets, Inc., 11 AD3d 572, 573-574 [2004] [a statement by an agent who lacks speaking authority does not fall within the speaking agent exception to the hearsay rule, “even where the agent was authorized to act in the matter to which (the) declaration relates”]; see also Briga v Town of Binghamton, 8 AD3d 874 [2004]).
Based on defendant’s failure to submit proof sufficient to permit a finding that the blockage occurred off the insured premises, plaintiffs motion is granted and defendant’s cross motion is denied. Plaintiff is granted partial summary judgment declaring that the policy provides coverage for the loss sustained on October 6, 2009, and that defendant is obligated to compensate plaintiff for the loss in accordance with the terms of the policy.

 In fact, his testimony suggests that the blockage occurred in plaintiffs line. He testified that he learned that John Courtney, a Village of Lansing employee, contends that the blockage was not in the Village’s line (see Bentkowski EBT tr at 34-35, 40-41). He further testified that Steve Brittain, *684 plaintiffs property manager, hired Roto-Rooter to check and, if necessary, clear the line on plaintiffs property (id. at 13), and that Brittain and a RotoRooter employee each told him later that Roto-Rooter had removed paper or cloth towels from a clean out located on plaintiffs property (id. at 39-40, 42).