Michael J. Pichel, Respondent, v Dryden Mutual Insurance Company, Appellant. [986 NYS2d 268]—

Stein, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered May 23, 2013 in Tompkins County, which, among other things, granted plaintiff's motion for partial summary judgment declaring that an insurance policy issued by defendant covers certain losses sustained by plaintiff.

Plaintiff owns a four-building apartment complex, which was covered by an insurance policy issued by defendant. While the policy was in effect, two of the buildings sustained substantial water damage when waste water entered the first-floor apartments through, among other things, toilets, bathtubs and condensation drains. After plaintiff timely filed a property loss notice, defendant disclaimed coverage on the basis that the loss fell within multiple exclusions in the policy, including, as relevant here, the "Water Damage" exclusion, which applies to a loss caused by "water which backs up through sewers or drains." Plaintiff thereafter submitted a sworn statement in proof of loss prepared by plaintiff's adjuster, contending that the cause of the loss—specifically, "[a]ccidental [o]verflow/ [d]ischarge of a [p]lumbing [s]ystem"—was covered under the policy, and defendant again disclaimed coverage.

Plaintiff subsequently commenced this action for breach of contract and for a declaration that the loss was covered under the terms of the policy. Following joinder of issue and discovery, plaintiff moved for partial summary judgment on liability and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiff's motion, declared that the loss was covered under the terms of the policy and denied defendant's cross motion. Defendant now appeals.

Initially, we reject defendant's assertion that Supreme Court erred in denying its cross motion for summary judgment dismissing the complaint based on the court's erroneous interpretation of the policy. Defendant relies upon the "Water Damage" exclusion, which applies to, among other things, loss caused by "water which backs up through sewers or drains" (hereinafter the exclusion provision). A second exclusion, also entitled "Water Damage," provides that there is no coverage "for loss caused by repeated or continuous discharge, or leakage of liquids or steam from within a plumbing . . . system."

However, the latter exclusion also states that defendant *does* "pay for loss caused by the accidental leakage, overflow or discharge of liquids or steam from a plumbing . . . system" (hereinafter the coverage provision).[1] While defendant asserts that the exclusion provision is applicable and precludes coverage here, plaintiff contends, and Supreme Court found, that the two provisions are ambiguous and should be reconciled so that the exclusion provision applies to a backup that originates off an insured's property (i.e., in a municipal sewer or drain), while the coverage provision applies to an occurrence originating within the insured's property (i.e., in a property owner's plumbing system).

Where an insurer relies on an exclusion to avoid coverage, it has the burden of demonstrating "that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case" (*Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652 [1993]; *accord Nova Cas. Co. v Central Mut. Ins. Co.*, 59 AD3d 777, 778 [2009]; *see Dean v Tower Ins. Co. of N.Y.*, 19 NY3d 704, 708 [2012]; *Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.*, 12 NY3d 302, 307 [2009]). Moreover, we are "obligat[ed] to interpret the exclusion in a manner that gives full force and effect to the policy language and does not render a portion of the provision meaningless" (*Cragg v Allstate Indem. Corp.*, 17 NY3d 118, 122 [2011]; *see Roman Catholic Diocese of Brooklyn v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 21 NY3d 139, 148 [2013]; *Raymond Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 5 NY3d 157, 162 [2005]; *County of Columbia v Continental Ins. Co.*, 83 NY2d 618, 628 [1994]; *Loctite VSI v Chemfab N.Y.*, 268 AD2d 869, 871 [2000]). "While [u]nambiguous provisions of a policy are given their plain and ordinary meaning, where policy language is unclear or subject to multiple reasonable interpretations, such ambiguities are resolved against the insurer" (*Matter of Progressive Ins. Cos. [Nemitz]*, 39 AD3d 1121, 1122 [2007] [internal quotation marks and citations omitted]; *see Dean v Tower Ins. Co. of N.Y.*, 19 NY3d at 708; *City of Elmira v Selective Ins. Co. of N.Y.*, 83 AD3d 1262, 1264 [2011]; *Travelers Indem. Co. v Commerce & Indus. Ins. Co. of Can.*, 36 AD3d 1121, 1122-1123 [2007]).

In our view, when the exclusion and coverage provisions at issue here are read together, an ambiguity exists in the insurance policy as to losses resulting from a backup and/or overflow from sewers, drains and/or plumbing systems. Although the resolu-

---

1. Importantly, the insurance policy does not define the terms sewer, drain, plumbing system, backup or overflow.

tion of this ambiguity appears to be an issue of first impression in this state, Supreme Court's analysis—that a plumbing system, as referenced in the coverage provision, includes drains that are on the insured's property—is consistent with decisions in other jurisdictions that have interpreted the interplay of competing provisions similar to those in question here (*see Hallsted v Blue Mtn. Convalescent Ctr., Inc.*, 23 Wash App 349, 351-352, 595 P2d 574, 575 [1979], *review denied* 92 Wash 2d 1023 [1979]; *Jackson v American Mut. Fire Ins. Co.*, 299 F Supp 151, 156 [MD NC 1968], *affd* 410 F2d 395 [4th Cir 1969]; *Cheetham v Southern Oak Ins. Co.*, 114 So 3d 257, 262-263 [Fla 2013], *review denied* 129 So 3d 1069 [2013]; *Kozlowski v Penn Mut. Ins. Co.*, 295 Pa Super 141, 146, 441 A2d 388 [1982]; *Haines v United Sec. Ins. Co.*, 43 Colo App 276, 277-278 [1979]). In short, these cases stand for the proposition that water damage caused by a backup/overflow that originates from a pipe or clogged drain located within the insured's property line comes from the insured's plumbing system and is covered by the policy; conversely, if the cause of the backup/overflow is from outside the insured's property boundaries—such as a clogged municipal sewer that forces water from outside the insured's plumbing system to overflow—the sewer or drain exclusion is applicable (*see also Cantanucci v Reliance Ins. Co.*, 43 AD2d 622, 622-623 [1973], *affd* 35 NY2d 890 [1974] [loss from ruptured sewer line buried below insured's foundation wall was covered loss as sewer pipe was part of plumbing system]; *compare Newlo Realty Co. v U.S. Fid. & Guar. Corp.*, 213 AD2d 295, 295 [1995] [an exclusion provision applied to blocked bathroom sink drain]).

Significantly, defendant has failed to establish that its interpretation—that the loss is excluded from coverage so long as water backs up through a sewer or drain, regardless of where the sewer or drain is located—is the only fair interpretation of the two provisions (*see Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.*, 12 NY3d 302, 307 [2009]; *Essex Ins. Co. v Grande Stone Quarry, LLC*, 82 AD3d 1326, 1329 [2011]; *Villanueva v Preferred Mut. Ins. Co.*, 48 AD3d 1015, 1017 [2008]; *Cantanucci v Reliance Ins. Co.*, 43 AD2d at 622-623). Further, defendant's interpretation of the exclusion provision essentially renders meaningless the coverage for "overflow" of liquids from a plumbing system as provided in the coverage provision (*see generally Cragg v Allstate Indem. Corp.*, 17 NY3d at 122; *County of Columbia v Continental Ins. Co.*, 83 NY2d at 628).[2] On the other hand, plaintiff's interpretation, as adopted by Supreme

---

2. Defendant's argument that an "overflow"—as included in the coverage provision—refers to water escaping from a plumbing system from a cracked or

Court, accords full effect to both the exclusion and coverage provisions and is consistent with the above delineated case law of other jurisdictions. Accordingly, Supreme Court correctly resolved the ambiguity in plaintiff's favor and denied defendant's cross motion for summary judgment on this ground.[3]

We nonetheless conclude that Supreme Court erred in granting plaintiff's motion for partial summary judgment. As the movant, plaintiff was required to prove that a loss occurred and that such loss was a covered event under the terms of the policy (*see Park Country Club of Buffalo, Inc. v Tower Ins. Co. of N.Y.*, 68 AD3d 1772, 1773 [2009]; *Potoff v Chubb Indem. Ins. Co.*, 60 AD3d 477, 477 [2009]; *DePaolo v Leatherstocking Coop. Ins. Co.*, 256 AD2d 879, 880 [1998]; *see also United States Dredging Corp. v Lexington Ins. Co.*, 99 AD3d 695, 696 [2012]; *Gongolewski v Travelers Ins. Co.*, 252 AD2d 569, 569 [1998], *lv denied* 92 NY2d 815 [1998]; *Vasile v Hartford Acc. & Indem. Co.*, 213 AD2d 541, 541 [1995]). Inasmuch as plaintiff failed to proffer sufficient admissible evidence to demonstrate the absence of any factual issues as to whether he suffered a covered loss (*see generally Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824, 833 [2014]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), the motion should have been denied.

In that regard, plaintiff offered, among other things, his sworn statement in proof of loss—which declared the origin of the loss to be the "[a]ccidental [o]verflow/[d]ischarge of a [p]lumbing [s]ystem"—and the deposition testimony of Peter Bentkowski, plaintiff's property manager. According to Bentkowski, after multiple tenants reported that there was water coming into their apartments through toilets, bathtubs, drains for air conditioning units and grates that are located on the floor of the laundry rooms, the water to the applicable buildings was shut off, the municipality was notified and Roto-Rooter was called. Bentkowski testified that Roto-Rooter snaked out a clean-out valve leading to the waste line and removed foreign

exploded pipe does not give that term meaning independent from a "leakage" or "discharge."

**3.** Defendant also points out that the coverage provision begins with the phrase, "Except as provided above," and argues that this language refers to the preceding exclusions, including the exclusion provision at issue here. Plaintiff counters by arguing that this phrase refers to the language immediately preceding the coverage provision, which excludes coverage for the "repeated or continuous discharge, or leakage of liquids or steam from within a plumbing, heating or air-conditioning system, or other equipment." Considering the reasonableness of both interpretations, we find that this language creates a further ambiguity that must be resolved in plaintiff's favor.

objects. However, those efforts did not resolve the problem and Bentkowski did not know how the problem was ultimately rectified. Significantly, Bentkowski admitted in an affidavit that he had "no knowledge of anyone who has conducted an investigation of the problem leading to the [backup] of water which investigation was able to determine the location of the problem" and disclaimed any knowledge as to what caused the backup, whether there was a clog and, if so, where it existed. To the extent that plaintiff also relies on Bentkowski's testimony regarding comments made by a claims adjuster and engineer with respect to the origination of the backup, such comments were "inadmissible hearsay [and] . . . insufficient to support the motion for summary judgment" (*Ulster County, N.Y. v CSI, Inc.*, 95 AD3d 1634, 1636 [2012]; *see Birch v McGhee*, 79 AD3d 1296, 1297 [2010]). Thus, when we view plaintiff's proof in the light most favorable to defendant (*see Jacobsen v New York City Health & Hosps. Corp.*, 22 NY3d 824, 833 [2014]; *Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]; *DePaolo v Leatherstocking Coop. Ins. Co.*, 256 AD2d at 881), we find that the dearth of admissible evidence showing "the actual cause of the damage" warranted denial of plaintiff's motion for partial summary judgment on the issue of liability (*DePaolo v Leatherstocking Coop. Ins. Co.*, 256 AD2d at 881).

Lahtinen, J.P., Garry and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for partial summary judgment; motion denied; and, as so modified, affirmed. ■

