■ UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant, v KENNETH MEIER et al., Defendants, and ELIZABETH EGLE, as Administratrix, Respondent. — In a declaratory judgment action to determine the rights and obligations of the parties under two insurance policies, plaintiff appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Monteleone, J.), dated April 16, 1981, as granted defendant Egle's motion, upon her second affirmative defense, for summary judgment dismissing the complaint as time barred, on the ground that plaintiff failed to deny coverage under the two policies in a timely fashion pursuant to subdivision 8 of section 167 of the Insurance Law and declared that plaintiff must afford coverage to defendant Kenneth Meier for an automobile accident involving, *inter alia,* Kenneth Meier and defendant Egle's decedent. Order and judgment reversed insofar as appealed from, on the law, without costs or disbursements, the first and second decretal paragraphs are deleted, defendant Egle's motion is granted to the extent that the part of each cause of action seeking a declaration that at the time of the accident Kenneth Meier was performing duties in connection with an "automobile business" or "automobile sales agency" for which coverage is excluded is dismissed as time barred, on the ground that plaintiff did not preserve its right to disclaim liability for coverage based on such an exclusion because it failed to comply in a timely fashion with the notice requirements of subdivision 8 of section 167 of the Insurance Law, and partial summary judgment is granted plaintiff dismissing defendant Egle's second affirmative defense except as it relates to that part of each cause of action hereinabove dismissed for plaintiff's noncompliance with subdivision 8 of section 167 of the Insurance Law. The plaintiff insurance company demands judgment declaring, *inter alia,* that defendant Kenneth Meier is not covered under either of two insurance policies for an automobile accident in which he and defendant Egle's decedent were involved. In her second affirmative defense, Egle alleges that plaintiff's denial of coverage is barred as untimely. Upon this affirmative defense, she moved for summary judgment dismissing the complaint asserting a bar created by plaintiff's noncompliance with subdivision 8 of section 167 of the Insurance Law, i.e., plaintiff allegedly did not give written notice as soon as was reasonably possible of its disclaimer of liability or denial of coverage. Special Term applied subdivision 8 and held that plaintiff had not given the required notice in a timely manner. The court therefore concluded that the disclaimer notice, as given, was null and void, and that plaintiff was thus barred by statute from denying coverage under the subject policies. Accordingly, Special Term granted defendant Egle summary judgment declaring that plaintiff must afford Kenneth Meier coverage. Subdivision 8 of section 167 of the Insurance Law provides: "If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." In the recent case of *Zappone v Home Ins. Co.* (55 NY2d 131, 134), the Court of Appeals construed the words "deny coverage" in this subdivision to "refer to denial of liability predicated upon an exclusion set forth in a policy which, without the exclusion, would provide coverage for the liability in question [and not a] * * * denial that the policy as written could not have covered the liability in question under any circumstances." In the case at bar, plaintiff seeks a declaratory judgment sustaining, in effect, its refusal to cover Kenneth Meier with respect to the automobile accident in question. Two insurance policies are involved: a "family automobile policy" and a "basic automobile liability" policy. Plaintiff

predicates its denial of coverage on three basic grounds, viz. (1) defendant Kenneth Meier was not a named insured under the plaintiff's family policy since he was not a resident of the household of the policyholder and would not qualify as a "resident" as defined in the policy; (2) the automobile operated by Kenneth Meier at the time of the accident in question was not listed as a covered vehicle under the plaintiff's family policy or the plaintiff's basic policy, and said automobile does not qualify as an "owned vehicle," a "newly acquired vehicle," or a "temporary substitute vehicle" as those terms are defined in the above-indicated policies; and (3) the accident in question occurred while Kenneth Meier was engaged in duties in connection with an "automobile business" or "automobile sales agency," coverage for which is excluded under the terms of the policies. With respect to the first and second grounds, each constitutes a denial of liability because plaintiff made no contract of insurance with the person or for the vehicle involved in the accident. (See *Zappone v Home Ins. Co.*, 55 NY2d 131, 137-138, *supra*.) Therefore, as to these two grounds, plaintiff was not required by subdivision 8 of section 167 of the Insurance Law to give any written notice of its disclaimer of liability or denial of coverage. Thus, plaintiff's failure to give such a notice will not bar this action to the extent that it seeks a declaration of noncoverage based on these first two grounds. The third ground, however, is in the nature of a policy exclusion. Plaintiff claims that Kenneth Meier is not covered for the subject accident because at the time of its occurrence he was performing duties in connection with his employment by an automobile dealership. That is, assuming Kenneth Meier was a person insured and the vehicle he was operating was a covered vehicle, his activity at the time of the accident purportedly operated to deny him coverage. By attempting to deny coverage on this ground, plaintiff does not claim that there was never any insurance in effect, but, assuming that a policy of insurance existed that would otherwise cover the particular accident, claims that it does not afford coverage because of an exclusion in the policy. (See *Zappone v Home Ins. Co., supra*, p 138.) Thus, on this ground, subdivision 8 of section 167 of the Insurance Law would apply. (*Id.*, pp 134, 138.) Therefore, since we agree with Special Term that plaintiff did not timely comply with the notice requirements of subdivision 8, plaintiff is foreclosed from denying liability for coverage predicated on the exclusion in each of the subject policies regarding activity related to the automobile business, and is barred from asserting such a denial in this action. It should be noted that we have reached this last conclusion premised on our understanding that plaintiff's third ground for denying coverage (i.e., activity related to the automobile business) is in the nature of a policy exclusion. We point out that the two policies in question are drafted differently. In the family policy, there appears in part 1, under the heading "Exclusions", provisions withholding coverage when any person using a nonowned automobile, or any person, other than the named insured, a resident of his household and certain others, using an owned automobile, is employed or otherwise engaged in the automobile business. In the basic policy, under part 4 of section A, entitled "Persons Insured", those insured, including the named insured, are listed under subdivisions (a) through (c). There appears immediately thereafter the heading: "None of the following is an insured". Contained under this heading is paragraph iv, which reads: "[A]ny person [e.g., the named insured] while employed in or otherwise engaged in duties in connection with an automobile business, other than an automobile business operated by the named insured." Similarly, part 2 of section A states, in relevant part, that a named insured is afforded coverage when using an automobile other than one covered by the policy, but in paragraph 2 of subdivision (d) of the same part such coverage is

not extended "to any accident arising out of the operation of an automobile sales agency, repair shop, service station, storage garage or public parking place." Thus, in the basic policy, unlike in the family policy, those provisions concerning activity related to the automobile business are not specifically denominated exclusions. They appear as definitions of coverage. And yet, they are negative definitions, which, in effect, are nothing more than exclusions. Of course, if at trial it is determined that defendant Kenneth Meier was not a named insured under the family policy, and that the automobile operated by him at the time of the accident was not a covered vehicle under the family policy or the basic policy, then there would have been no coverage under either policy and the third point raised by plaintiff, as to exclusion, would become moot. Therefore, plaintiff is barred, by reason of its untimely notice of disclaimer under subdivision 8 of section 167 of the Insurance Law, from claiming noncoverage based on those provisions in each of the subject policies concerning activity related to the automobile business. With regard to plaintiff's other claims of noncoverage in this action, subdivision 8 is not applicable, and thus does not operate to prevent their litigation herein. Accordingly, as to the latter, summary judgment should not have been granted, but these claims should have been permitted to proceed to trial. Mollen, P. J., Lazer, Mangano and Niehoff, JJ., concur.