09-1655-cv
NGM Ins. Co. v. Blakely Pumping Inc., et al.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

--------

August Term, 2009

(Argued: December 10, 2009     Decided: February 1, 2010)

Docket No. 09-1655-cv

-----------------------------------------------------------X

NGM INSURANCE COMPANY,

                    Plaintiff-Counter-Defendant-Appellant,

          - v. -

BLAKELY PUMPING, INC., d/b/a ASSENTIAL PUMPING, BRIAN J. BLAKELY,

                    Defendants-Counter-Claimants-Appellees,

PETER J. SLINGERLAND, NANCY SLINGERLAND,

                    Defendants-Appellees,

PROGRESSIVE CASUALTY INSURANCE COMPANY,

                    Defendant.[*]

-----------------------------------------------------------X

Before:   McLAUGHLIN, KATZMANN, LYNCH, Circuit Judges.

     Appeal from a judgment of the United States District Court

for the Southern District of New York (Young, J.) declaring that

NGM Insurance Company ("NGM") is obligated to defend and

indemnify Blakely Pumping, Inc. ("Blakely Pumping"), against

---

[*] Progressive Casualty Insurance Company did not appear before this Court or the court below since it has settled all claims related to its role as Brian Blakely's insurer. The Clerk of the Court is directed to amend the official caption as set forth above.

liability arising out of an auto accident involving one of Blakely Pumping's officers. On appeal, NGM argues that the insurance policy in question did not cover the officer's auto under any circumstances and, therefore, the district court erred in finding that New York Insurance Law § 3420(d)(2) required NGM to timely disclaim coverage. We agree.

REVERSED.

> HAYDN J. BRILL, Brill & Associates, P.C., New York, New York, for Plaintiff-Counter-Defendant-Appellant.
>
> ROBERT D. COOK, Cook, Netter, Cloonan, Kurtz & Murphy, P.C., Kingston, New York, for Defendants-Counter-Claimants-Appellees.
>
> PAUL J. GOLDSTEIN, Goldstein & Metzger, LLP, Poughkeepsie, New York, for Defendants-Appellees.

PER CURIAM:

NGM Insurance Company ("NGM") appeals from a judgment of the United States District Court for the Southern District of New York (Young, J.) declaring that NGM is obligated to defend and indemnify Blakely Pumping, Inc. ("Blakely Pumping"), against liability arising out of an auto accident involving Brian Blakely ("Blakely"), an officer and employee of Blakely Pumping. Blakely Pumping had purchased an insurance policy and endorsement from NGM that covered liability arising out of the use of a "Hired Auto" or "Non-Owned Auto" – terms defined so as not to include an auto owned by an executive officer or employee of Blakely

2

Pumping. The determinative question is whether these definitions constitute "exclusions" of coverage. If they do, NGM was required under New York Insurance Law § 3420(d)(2) to timely notify Blakely Pumping that it was disclaiming coverage based on a policy exclusion. On appeal, NGM argues that the district court erred in finding that the definitions were exclusions since Blakely's auto could not qualify as a "Hired Auto" or "Non-Owned Auto" under any circumstances. For the reasons stated herein, we agree and reverse the district court's judgment.

**BACKGROUND**

On November 3, 2005, Blakely crashed his pickup truck into Peter Slingerland's car in Kingston, New York. Blakely was driving the truck in the course of his work for Blakely Pumping, as he frequently did. Slingerland and his wife brought a personal injury action against both Blakely and Blakely Pumping.

In a letter dated March 18, 2006, Blakely Pumping requested that NGM defend the action pursuant to an insurance policy for "Businessowners Liability Coverage" (the "Policy") that Blakely Pumping had purchased from NGM. The Policy generally covered liability for personal injuries but contained a section entitled "Exclusions" that expressly disclaimed coverage for damages "arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . owned or operated by or rented or loaned to any insured." Blakely Pumping, however, had also

3

purchased an endorsement (the "Endorsement") from NGM that modified the Policy; the Endorsement extended coverage to bodily injury arising from the use of a "Hired Auto" or a "Non-Owned Auto" by the company or one of its employees. The Endorsement defined these terms as follows:

> "Hired Auto" means any "auto" you lease, hire or borrow. This does not include any "auto" you lease, hire or borrow from any of your "employees" or members of their households, or from any partner or "executive officer" of yours.
>
> "Non-Owned Auto" means any "auto" you do not own, lease, hire or borrow which is used in connection with your business.

On March 23, 2006, NGM disclaimed coverage, based on the Policy's exclusion for autos. In a letter dated July 24, 2006, counsel for the Slingerlands called NGM's attention to the Endorsement's extension of coverage for bodily injuries arising out of the use of a "Hired Auto" or "Non-Owned Auto." Two weeks later, NGM again disclaimed coverage, this time on the ground that Blakely was an executive officer of Blakely Pumping and therefore his pickup truck was neither a "Hired Auto" nor "Non-Owned Auto" as defined in the Endorsement.

On July 19, 2007, NGM sued Blakely Pumping, Blakely, and the Slingerlands, seeking a declaratory judgment that it was under no obligation to defend or indemnify Blakely Pumping. On March 24, 2009, after the parties cross-moved for summary judgment, the district court entered a judgment declaring that NGM was indeed

4

obligated to defend and indemnify Blakely Pumping.[1] Although the court concluded that Blakely Pumping had borrowed the auto of one of its officers and that the accident was therefore not covered under the terms of the Policy as modified by the Endorsement, this did not end the analysis. The court turned to New York Insurance Law § 3420(d)(2), requiring insurers to provide written notice when they disclaim coverage pursuant to a policy exclusion. According to the court, since the Endorsement "generally covered auto accidents," the definitions of "Hired Auto" and "Non-Owned Auto" constituted exclusions of that general coverage. NGM was therefore required to provide written notice that it was disclaiming coverage on the ground that Blakely's pickup truck was neither a "Hired Auto" nor "Non-Owned Auto"; but because NGM originally disclaimed coverage pursuant to the Policy's exclusion for autos, it had waived its right to disclaim coverage on other grounds. Thus, NGM's subsequent notice of disclaimer was ineffective, meaning NGM could not now rely on those exclusions.

---

[1] With the parties' consent, the district court treated the case as a "case stated," a procedural device most often used in the First Circuit. In a case stated, the parties "stipulate a record for decision allow[ing] the judge to decide any significant issues of material fact that he discovers." Boston Five Cents Sav. Bank v. Sec'y of Dep't of Hous. & Urban Dev., 768 F.2d 5, 11-12 (1st Cir. 1985) (Breyer, J.); see also United Paperworkers Int'l Union, Local 14 v. Int'l Paper Co., 64 F.3d 28, 31 (1st Cir. 1995). Because the district court decided only an issue of law below, the use of the case stated procedure has no bearing on our analysis.

**DISCUSSION**

We review de novo the district court's conclusions of law. BrandAid Mktg. Corp. v. Biss, 462 F.3d 216, 218 (2d Cir. 2006).

According to New York Insurance Law § 3420(d)(2), which the parties agree controls,

> [i]f under a liability policy issued or
> delivered in [New York], an insurer shall
> disclaim liability or deny coverage for death or
> bodily injury arising out of a motor vehicle
> accident . . . it shall give written notice as
> soon as is reasonably possible of such disclaimer
> of liability or denial of coverage to the insured
> and the injured person or any other claimant.

The statute's purpose is to "avoid prejudice to the insured, the injured claimant and the Motor Vehicle Accident Indemnity Corporation, each of whom could be harmed by delay in learning of the carrier's position." Zappone v. Home Ins. Co., 55 N.Y.2d 131, 137 (1982). If the insurance carrier fails to disclaim coverage in a timely manner, it is precluded from later successfully disclaiming coverage. Hartford Ins. Co. v. County of Nassau, 46 N.Y.2d 1028, 1029 (1979).

In the seminal case Zappone v. Home Insurance Co., the New York Court of Appeals interpreted the statute as requiring notice only for a "denial of liability predicated upon an exclusion set forth in a policy which, without the exclusion, would provide coverage for the liability in question." 55 N.Y.2d at 134. In other words, notice is required where there is no coverage "by reason of exclusion." Id. at 137. The Zappone court held that

6

the statute does not apply, however, where "the policy as written could not have covered the liability in question under any circumstances," id. at 134; that is, notice is not required where there is no coverage "by reason of lack of inclusion," id. at 137 (internal quotation marks omitted). This rule avoids extending insurance coverage to liabilities "incurred neither by the person insured nor in the vehicle insured." Id. at 135.

Determining whether there is no coverage by reason of exclusion as opposed to lack of inclusion can be "problematic." Worcester Ins. Co. v. Bettenhauser, 95 N.Y.2d 185, 189 (2000). We find guidance in Planet Insurance Co. v. Bright Bay Classic Vehicles, Inc., 75 N.Y.2d 394 (1990), a case that is particularly applicable to the facts before us. There, the New York Court of Appeals considered whether definitional language that did not appear in the section of an insurance policy entitled "Exclusions" eliminated coverage by reason of exclusion or lack of inclusion. Defendant Bright Bay obtained the policy in question for its fleet of rental cars. The policy defined "covered rental cars" as those rented for periods of less than 12 months. Id. at 398. One of Bright Bay's cars was later involved in an accident while being rented for a 24-month period. The court found that, although the insurance company disclaimed coverage based on the definition of "covered rental cars" as opposed to a provision in the policy's "Exclusion" section, the

7

definition's limiting language still amounted to an exclusion. Id. at 400. The court explained that the car was initially covered by the policy and only "became 'uncovered' upon the happening of a subsequent event: i.e., the rental . . . for a lease period other than that prescribed in the policy." Id. at 401. Since the car was at one point covered, this was not a case where there "was never a policy in effect covering the involved automobile." Id.

In the instant case, the principal issue in dispute is whether the district court erred in finding that the Endorsement's definitions of "Hired Auto" and "Non-Owned Auto" constitute exclusions requiring a notice of disclaimer.[2] We conclude that the district court did err in so finding.

The Endorsement did not generally cover auto accidents; it covered only accidents arising from the use of a "Hired Auto" or "Non-Owned Auto." Those terms were defined in such a way that an employee's or officer's vehicle, like Blakely's pickup truck, could never be covered. This is not a case then where "the

[2] Blakely Pumping also suggests that simply because it has a contractual relationship with NGM, anything limiting NGM's coverage must be an exclusion. However, while the Policy broadly covered liability for personal injuries, NGM did, in fact, timely disclaim based on the Policy's general auto exclusion. The question, then, is whether NGM's disclaimer needed to specifically reference the Endorsement to be effective, and that question turns on the proper interpretation of the definitions of "Hired Auto" and "Non-Owned Auto." Accordingly, the sheer fact of Blakely's contractual relationship with NGM does not resolve the matter.

happening of a subsequent event" implicated a definitional term that "uncovered" a formerly covered car. Id. Rather, it is a case in which "the policy as written could not have covered the liability in question under any circumstances." Zappone, 55 N.Y.2d at 134. In short, there was no coverage "by reason of lack of inclusion," and thus no notice of disclaimer was required. Id. at 137 (internal quotation marks omitted).

The Appellees direct us to two cases in which New York appellate courts found that definitional language could constitute a policy exclusion for the purposes of New York Insurance Law § 3420(d)(2). Neither case changes our analysis. In Greater New York Mutual Insurance Co. v. Miller, 613 N.Y.S.2d 295 (App. Div. 1994), the Third Department found that an insurance policy's definition of an "insured" was an exclusion where it withheld coverage for drivers who used the auto in question without permission. But unlike the instant case, Miller dealt with an insurance policy that explicitly covered the auto and its driver in many other circumstances. See id. at 297. This is a critical distinction. See Zappone, 55 N.Y.2d at 135-36.

In United Services Automobile Association v. Meier, 454 N.Y.S.2d 319 (App. Div. 1982), the Second Department found that various definitions in an insurance policy that withheld coverage from individuals engaged in automobile businesses were

9

exclusions. The court termed these "negative definitions, which, in effect, are nothing more than exclusions." Id. at 321. This case, however, does not stand for the proposition that all definitions that limit coverage are exclusions. In fact, the Meier court found that other definitions in the same policy – such as the definitions of "owned vehicle," "newly acquired vehicle," and "temporary substitute vehicle" – were not exclusions. Id. at 320-21. According to the court, the failure of the vehicle in question to qualify as one of these defined terms meant that there was never a "contract of insurance with the person or for the vehicle involved in the accident." Id. at 321. We employ identical logic in our analysis.

We have considered the Appellees' other arguments and find them to be without merit.

**CONCLUSION**

The district court erred in finding that the Endorsement's definitions of "Hired Auto" and "Non-Owned Auto" were exclusions triggering the notice requirement of New York Insurance Law § 3420(d)(2). Because no party disputes the district court's conclusion that NGM would not be obligated to defend and indemnify Blakely Pumping but for the operation of this statute, we REVERSE.

10