■ Victor Hasbani et al., Respondents, v Nationwide Mutual Insurance Company, Appellant. [949 NYS2d 489]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in an underlying action entitled *Grimes v Schmidt*, pending in the Supreme Court, Kings County, under index No. 12670/10, the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated June 14, 2011, which granted the plaintiffs' motion for summary judgment and denied its cross motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion for summary judgment is denied, the defendant's cross motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiffs in the underlying action.

In 2008 the defendant, Nationwide Mutual Insurance Company (hereinafter Nationwide), issued a personal umbrella policy (hereinafter the Policy) which provided "excess liability insurance" to the plaintiff Victor Hasbani. The Policy provided that it would pay damages in excess of the "retained limit," which it defined as "the total amount of the limit of liability of the Required Underlying Insurance." The Policy's declaration page listed several "Required Underlying Insurance Coverages," including an automobile liability policy issued by a different insurer, GEICO, under policy number 40819642258.

While the Policy was in force the plaintiff Sylvia Safina-Hamadani was involved in an automobile accident while operating a vehicle owned by Hasbani, and a personal injury action was commenced against Hasbani and Safina-Hamadani (hereinafter together the plaintiffs). The plaintiffs filed a claim with Nationwide for coverage under the Policy. After an investigation, Nationwide denied coverage because the vehicle Safina-Hamadani was driving at the time of the accident was not covered by GEICO policy number 40819642258, but rather was

covered under a different GEICO policy, number 4124247364. Nationwide took the position that the Policy only covered vehicles covered under GEICO policy number 40819642258. The plaintiffs then commenced this action for a judgment declaring that Nationwide was required to defend and indemnify them in the underlying personal injury action.

The plaintiffs moved for summary judgment and Nationwide cross-moved for summary judgment. The Supreme Court granted the plaintiffs' motion for summary judgment and denied Nationwide's cross motion. Nationwide appeals and we reverse.

The Supreme Court erred in denying Nationwide's cross motion for summary judgment. Nationwide met its initial burden of establishing its entitlement to judgment as a matter of law by demonstrating that the plaintiffs are not entitled to defense and indemnification because GEICO policy number 4124247364 was not listed as one of the "Required Underlying Insurance Coverages" in the Policy, so vehicles covered under that GEICO policy were not covered under the Policy (*see York Restoration Corp. v Solty's Constr., Inc.*, 79 AD3d 861, 863 [2010]; *see also Government Empls. Ins. Co. v Kligler*, 42 NY2d 863, 864-865 [1977]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Contrary to the plaintiffs' contentions, the provisions of the umbrella policy were clear and unambiguous, and did not apply to any and all automobile accidents and liabilities, including those outside of the "Required Underlying Insurance Coverages" named in the Policy (*see United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 232 [1986]; *Labate v Liberty Mut. Ins. Co.*, 45 AD3d 811, 812 [2007]). Moreover, a disclaimer pursuant to Insurance Law § 3420 (d) is unnecessary when a claim does not fall within the coverage terms of an insurance policy (*see Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188 [2000]). An insurer is not required to deny coverage where none exists (*see Hargob Realty Assoc., Inc. v Fireman's Fund Ins. Co.*, 73 AD3d 856, 858 [2010]). Since the Policy did not provide coverage to the plaintiffs with regard to the vehicle involved in the accident, requiring payment of a claim upon a failure to timely disclaim would create coverage where it never existed (*see Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d at 188).

For the same reasons, the plaintiffs' motion for summary judgment should have been denied.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that Nationwide is not obligated to defend and

indemnify the plaintiffs in the underlying action (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Balkin, Belen and Chambers, JJ., concur.