16-4166-cv
Citizens Insurance Company v. Risen Foods, LLC

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2017

Argued: October 17, 2017          Decided: January 22, 2018

Docket No. 16-4166

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CITIZENS INSURANCE COMPANY OF AMERICA,

Plaintiff-Counter-Defendant-Appellant,

v.

RISEN FOODS, LLC, PETR A. TKACH, JASON J. TANNER, CRISTINA TANNER,

Defendants-Counter-Claimants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN and CABRANES, Circuit Judges, and CHATIGNY,[1] District Judge.

Appeal from the Nov. 23, 2016, judgment of the United States District

Court for the Northern District of New York (Brenda K. Sannes, District Judge),

---

[1] Judge Robert N. Chatigny, of the United States District Court for the District of Connecticut, sitting by designation.

declaring that Citizens Insurance Company of America is obligated to defend and, if necessary, indemnify Risen Foods, LLC, and Petr A. Tkach under a businessowners policy and an umbrella policy in an underlying suit brought by Jason J. Tanner and Cristina Tanner for damages arising out of a motor vehicle accident.

Reversed.

Michael P. Kandler, Goldberg Segalla LLP, White Plains, NY, for Plaintiff-Counter-Defendant-Appellant.

Laurence D. Behr, Barth Sullivan Behr, Buffalo, NY, for Defendants-Counter-Claimants-Appellees.

JON O. NEWMAN, Circuit Judge:

In this insurance coverage dispute, Citizens Insurance Company of America ("Citizens") appeals from the Nov. 23, 2016, judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, District Judge). The judgment declared that Citizens is obligated to defend and, if necessary, indemnify Risen Foods, LLC ("Risen") and Petr A. Tkach under a businessowners policy and an umbrella policy, both issued by Citizens, in an

underlying suit brought by Jason J. Tanner and Cristina Tanner for damages arising out of a motor vehicle accident.

Because we conclude that Risen's vehicle was not covered by either policy, we reverse.

Background

On April 29, 2013, a van owned by Risen and driven by Tkach, a Risen employee, collided with a truck driven by Tanner. Tanner suffered serious injuries. Later in 2013, Tanner and his wife, Cristina, sued Risen and Tkach for Tanner's injuries and related loss of services ("underlying suit").

The Risen vehicle was insured under a commercial auto policy issued by State Farm Insurance Company ("State Farm") with a liability limit of $1,000,000 per occurrence. State Farm has provided defense and indemnity coverage to Risen and Tkach with respect to the underlying suit and offered close to the policy limit to settle it.

Citizens issued to Risen a businessowners policy and an umbrella policy. Both policies bear the same policy number, OBF-9828714-00, and the **SCHEDULE OF UNDERLYING POLICIES** of the umbrella policy states, "**This**

3

**schedule is part of Policy Number: OBF-9828714-00**." The businessowners policy has a limit of $1,000,000 per occurrence, and the umbrella policy has a limit of $2,000,000 per occurrence.

*The policy provisions.* The businessowners policy in section II(A)(1), titled "**Business Liability**," provides:

> "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies."

The businessowners policy in section II(B), titled "**Exclusions**," provides:

"This insurance does not apply to

. . .

"**g. Aircraft, Auto or Watercraft**

"'Bodily injury' or 'property damage' arising out of the ownership . . . of any . . . 'auto' . . . owned . . . by . . . any insured."

The businessowners policy contains an endorsement captioned "HIRED AUTO AND NON-OWNED AUTO LIABILITY – NEW YORK" ("the endorsement"), which states, "This endorsement modifies insurance provided

under the following: BUSINESSOWNERS POLICY." Under the heading titled

"**Coverage**," the endorsement provides:

> "**1. Hired Auto Liability**
>
> "The insurance provided under **Section II – Liability** of the Businessowners Liability Coverage Form, Paragraph **A.1. Business Liability**, applies to 'bodily injury' or 'property damage' arising out of the maintenance or use of a 'hired auto' by you or your 'employees' in the course of your business.
>
> "**2. Non-Owned Auto Liability**
>
> "The insurance provided under the Businessowners Liability Coverage Form, Paragraph **A.1. Business Liability**, applies to 'bodily injury' or 'property damage' arising out of the use of any 'non-owned auto' in your business by any person other than you."

The umbrella policy in section I(A)(1)(a), titled "**Insuring Agreement**,"

provides:

> "We will pay on behalf of the insured the 'ultimate net loss' in excess of the 'retained limit' because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking damages for such 'bodily injury' or 'property damage' when the 'underlying insurance' does not provide coverage or the limits of 'underlying insurance' have been exhausted. . . . However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."

The umbrella policy in section V(24), titled "**DEFINITIONS**," defines "underlying insurance" as "any policies of insurance listed in the Declarations under the Schedule of 'underlying insurance'." The Schedule of Underlying Policies appears as follows:

| CARRIER POLICY NUMBER & PERIOD | TYPE OF POLICY | APPLICABLE LIMITS OR AMOUNT OF INSURANCE |
|---|---|---|
| (a) Carrier: CITIZENS INSURANCE COMPANY OF AMERICA Policy Number: OBF-9828714-00 Policy Period: 01/15/2013 TO 01/15/2014 | Commercial General Liability X Non-owned & Hired Autos | $1,000,000 Each Occurrence $2,000,000 General Aggregate $2,000,000 Product/Completed Operations Aggregate |
| (b) Carrier: Policy Number: Policy Period: | Comprehensive Automobile Liability | Bodily Injury and Property Damage Liability Combined $ Each Accident Bodily Injury $ Each Person $ Each Accident Property Damage $ Each Accident |

The schedule explains that the "X" preceding "Non-owned & Hired Autos" in the second column of the first row (not counting captions) "indicates

these broadening or optional coverages are provided in the Underlying Insurance."

As the schedule indicates, the first row (item (a)) lists the Citizens businessowners policy, identified by number, as an underlying policy, and the second row (item (b)), where an underlying automobile policy would be expected to be listed, is blank.

The umbrella policy in section I(A)(2), titled "**Exclusions**," provides:

"This insurance does not apply to:

. . .

"**f. Auto Coverages**

"(1) 'Bodily injury' or 'property damage' arising out of the ownership, maintenance or use of any 'auto' which is not a 'covered auto.'"

The umbrella policy, in section V(5), titled "**DEFINITIONS**," defines "covered auto" to mean "only those 'autos' to which 'underlying insurance' applies."

*Communications between insured and insurer.*  On May 13, 2013, Gerald Pasqualetti, a Risen co-owner, telephoned the Citizens call center to report the April 29 accident and spoke to Nancy Rauscher. In the recorded call, Pasqualetti

first explained that "[o]ur auto insurance and all of that is through State Farm, that's all taken care of." He then reported that the other driver was in a coma and added, "[W]e wanted to call you as our general liability carrier just to make sure you are on notice." He also told Rauscher that the policy number was OBF9828714.

On June 4, 2013, after Citizens employees appeared to have concluded that Risen was claiming coverage only under the umbrella policy, Citizens sent Pasqualetti a letter denying coverage under that policy because the State Farm policy was not listed on the schedule of underlying policies.

After Tanner and his wife filed their lawsuit against Risen and Tkach on December 30, 2013, Risen sent their complaint to Citizens on January 3, 2014. On January 14, 2014, Citizens again notified Pasqualetti that no coverage existed under the umbrella policy.

*The pending lawsuit*. Citizens filed the pending suit on April 29, 2014, against Risen, Tkach, and the Tanners, seeking a declaration that Citizens had no duty to defend or indemnify Risen or Tkach with respect to the Tanners' lawsuit. On July 4, 2014, the defendants filed an answer and a counterclaim, asserting that

Citizens had a duty to defend and indemnify Risen and Tkach under both the businessowners policy and the umbrella policy. Both sides filed motions for summary judgment.

The District Court denied Citizens' motion and granted the defendants' motion. First, the Court ruled that Risen's initial call to Citizens' call center on May 13, 2013, sufficed as notice of a claim under the businessowners policy and triggered Citizens' obligation to "give written notice as soon as is reasonably possible" of a "denial of coverage to the insured and the injured person." N.Y. Ins. Law § 3420(d)(2).

The Court then ruled that the claim against Citizens with respect to an owned vehicle was outside the coverage of the endorsement to the businessowners policy but within the coverage of that policy itself. The Court understood the endorsement to modify the businessowners policy "by adding supplemental coverage (for non-owned, hired autos)." However, the Court stated that "the auto exclusion remains in full effect," and then concluded, "[W]hile this claim was outside the scope of the endorsement, it was not by

reason of the auto exclusion, outside of the scope of coverage provided by the policy."

By deeming coverage precluded by the auto exclusion, the Court then noted that Citizens was required, under section 3420(d)(2), to give timely notice disclaiming liability "with respect to the automobile exclusion" and had failed to do so. The Court rejected Risen's argument that its liability was precluded both by lack of coverage in the policy, which would not require timely notice, and by the automobile exclusion, which would require such notice.

With respect to the umbrella policy, the District Court first rejected Citizens' argument, based on *Hasbani v. Nationwide Mutual Insurance Co.*, 98 A.D. 3d 563 (2d Dept. 2012), that this policy did not apply because the State Farm automobile policy was not listed as an underlying policy. The Court explained that the Citizens umbrella policy is broader than the umbrella policy in *Hasbani*, requiring Citizens to pay because of injury "to which this insurance applies." The Court then ruled that the umbrella policy applied to the claim at issue because Risen was a named insured, as was Tkach, an employee of Risen. Finally, acknowledging the auto exclusion of the umbrella policy, the Court ruled that

Citizens' disclaimer of liability under the umbrella policy was ineffective to comply with section 3420(d)(2) because the disclaimer relied only on the lack of listing of the State Farm policy as an underlying insurance and did not mention the auto exclusion.

Having ruled that both the businessowners policy and the umbrella policy obligated Citizens to defend and indemnify, the District Court granted summary judgment to the counterclaiming defendants.

Discussion

On the preliminary issue whether Pasqualetti's phone call to Citizens' call center sufficed as the insured's timely notice of the accident, we agree with the District Court that the call gave notice that Risen was seeking coverage under both the businessowners policy and the umbrella policy. Pasqualetti provided the number that Citizens used for both policies. If an insurer wants to make sure that its policy numbers apply only to separate policies, its obvious remedy is to assign different numbers to each policy. Furthermore, Pasqualetti, in the recorded phone call, twice said he was alerting Citizens as our "general liability carrier."

However, on the issue whether either the businessowners or the umbrella policies obligate Citizens to defend or indemnify with respect to an accident involving a vehicle owned by Risen, we disagree with the District Court. In our view, the case is squarely governed by our decision in *NGM Insurance Co. v. Blakely Pumping, Inc.*, 593 F.3d 150 (2d Cir. 2010) (*"NGM"). NGM*, like the pending case, involved a claim under a businessowners policy to which had been added a hired auto and non-owned auto endorsement. The claim was based on an accident involving a vehicle owned by the insured. The District Court in *NGM* first ruled that the endorsement modified the policy and "the two must be read together as they constitute the insurance agreement." *NGM Insurance Co. v. Blakely Pumping, Inc.*, No. 07 CIV 6517-WGY, 2009 WL 765042, at \*3 (S.D.N.Y. Mar. 23, 2009) (*"NGM Dist. Ct. Op."*).

The District Court in *NGM* then ruled that, because of the definitions of covered autos in the endorsement, "no coverage is afforded under the Policy and Endorsement" for the insured's owned vehicle. *Id.* at \*4. Then the Court ruled that the endorsement's exclusion applied, that the insurer had not given the

required timely notice of a disclaimer based on the exclusion, and that the insurer could not deny coverage. *See id.* at *5.

We reversed. Acknowledging that "[d]etermin[ing] whether there is no coverage by reason of exclusion as opposed to lack of inclusion can be 'problematic,'" *NGM*, 593 F.3d at 153 (citing *Worcester Insurance Co. v. Bettenhauser*, 95 N.Y.2d 185, 189 (2000)), we ruled:

> "The Endorsement did not generally cover auto accidents; it covered only accidents arising from the use of a 'Hired Auto' or 'Non-Owned Auto.' Those terms were defined in such a way that an employee's or officer's vehicle, like [the insured's] pick-up truck, could *never* be covered. . . . In short, there was no coverage by reason of lack of inclusion, and thus no notice of disclaimer was required."

*Id*. at 154 (emphasis in original) (internal quotation marks and citation omitted). As we noted, "[N]otice is not required where there is no coverage 'by reason of lack of inclusion.'" *Id*. at 153 (quoting *Zappone v. Home Insurance Co.*, 55 N.Y.2d 131, 137 (1982)).

The operative language of the endorsement in *NGM* is identical to the operative language in the endorsement added to the Citizens businessowners

policy in the pending case. *See* Joint Appx. A-234-35, *NGM*, *supra*, No. 09-1655-cv;

Joint Appx. A-937-38, *Citizens Insurance Co. v. Risen Foods, LLC*, No. 16-4166-cv.

The only differences, set out in the margin,[2] are trivial variations in the labeling

of cross-referenced sections of the businessowners policies.

The insured defendants in the pending case seek to distinguish *NGM* on

the ground that "[t]he timeliness of [the] disclaimer was not at issue in *NGM*."

Br. for Defendants at 35. This is incorrect. As the District Court noted in that case,

NGM argued that even if a disclaimer was necessary, "NGM timely disclaimed

the coverage." *NGM Dist. Ct. Op.* at \*3. In addition, on appeal, Section II of the

---

[2] There are three differences:

1. Section A(1) of the *NGM* endorsement begins, "The insurance provided under the Businessowners Liability Coverage Form, Paragraph **A.1 Business Liability**, applies . . . ." Section A(1) of the Citizens endorsement inserts the words "**Section II – Liability** of" between "under" and "the Businessowners Liability Coverage Form."

2. Section B(1) of the *NGM* endorsement begins, "The exclusions, under the Businessowners Liability Coverage Form, Paragraph B.1 . . . ." Paragraph B(1) of the Citizens endorsement inserts the words "the **Section II – Liability** of" between "under" and "the Businessowners Liability Coverage Form."

3. Section B(2) of the *NGM* endorsement begins, "**Who is An Insured** in the Businessowners Liability Coverage Form . . . ." Paragraph B(1) of the Citizens endorsement inserts the words "**Section II – Liability** of" between "under" and "the Businessowners Liability Coverage Form."

brief for the insured defendants in *NGM* was captioned "NGM INSURANCE COMPANY'S DISCLAIMER OF COVERAGE WAS UNTIMELY," and argued the point in detail, *see* Br. for Defendants at 14, *NGM*, *supra*, No. 09-1655-cv. In response, the insurer argued that no timely disclaimer was required because the endorsement's definition of covered autos did not include owned vehicles, *see* Reply Br. for Plaintiff at 4-9, *NGM*, *supra*, No. 09-1655-cv, an argument that this Court accepted in reversing the District Court.

Thus, timeliness of the insurer's disclaimer was put in issue by the insured defendant in *NGM*, although not resolved by this Court because of the lack of coverage.[3] The insured defendants in the pending case have advanced no valid basis for distinguishing *NGM*, and that decision, involving an endorsement identical in all material respects to the endorsement in the pending case, requires

---

[3] There were two disclaimers in *NGM*. As our Court reported, "On March 23, 2006, NGM disclaimed coverage, based on the Policy's exclusion for autos." *NGM*, 593 F.3d at 152. We ruled that this disclaimer was timely. *See id*. at 154 n.2 ("NGM did, in fact, timely disclaim based on the Policy's general auto exclusion."). Then, after the insured on July 24, 2006, called NGM's attention to the endorsement, NGM two weeks later "again disclaimed coverage," relying on language in the endorsement. *See id*. at 152. Our Court did not rule on the timeliness of this second disclaimer, deeming the endorsement's language to be a definition that did not include Blakely's vehicle, rather than an exclusion that required a timely disclaimer.

the same ruling here: timely disclaimer was not required because the policy provided no coverage for an owned vehicle.

In the pending case, the District Court understood Citizens to be arguing that "the auto exclusion is 'a redundant exclusion' and of no consequence." Memorandum-Decision and Order, *Citizens Insurance Co. of America v. Risen Foods, LLC*, No. 14-0493, at 21 (N.D.N.Y. Nov. 23, 2016). The Court rejected what it understood the argument to be, noting that courts must interpret policies in such a way as not to render "'a portion of [a] provision meaningless.'" *Id.* (citing *Pichel v. Dryden Mutual Insurance Co.*, 117 A.D.3d 1267, 1268 (3d Dep't 2014)). But meaninglessness was not quite Citizens' point. The insurer did not argue that the exclusion was meaningless, only that it was redundant because of lack of coverage for owned autos.

It is not surprising that a document, especially one drafted by an insurance company, would use a "belt and suspenders" approach, using definitional language to avoid inclusion of coverage and also adding language of exclusion. That was true in *NGM* and is true here. In both cases, the result of lack of

coverage means that timely notice of disclaimer because of exclusion was not required. *See Zappone*, 55 N.Y.2d at 134.

As to the umbrella policy, it is arguable that it provides no coverage simply because the only listed underlying policy, the businessowners policy, does not provide coverage, and the State Farm policy, which does provide coverage, was not listed.

However, the defendants-counter-claimants contend that because the businessowners policy did not apply (due to an exclusion, of which notice had to be timely), the umbrella policy nevertheless applied as a "drop down" policy. They rely on the following language from section I(A)(1)(a): "We will have the . . . duty to defend the insured against any 'suit' seeking damages . . . when the 'underlying insurance' does not provide coverage." But that subparagraph also states: "However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance

does not apply."[4] And the umbrella policy's definition of "[c]overed auto" is "only those 'autos' to which 'underlying insurance' applies." Because the underlying insurance, the businessowners policy, does not apply to an owned auto, the umbrella policy also does not apply. Referring to the scope of the umbrella policy, the District Court acknowledged that "the Risen van is not a 'covered auto.'"

## Conclusion

Because neither the businessowners policy nor the umbrella policy provides coverage, the judgment of the District Court is reversed.

---

[4] Similarly, the umbrella policy's payment obligation provides: "We will pay on behalf of the insured the 'ultimate net loss' in excess of the 'retained limit' because of 'bodily injury' or 'property damage' to which this insurance applies."