21-1337
*Golden Ins. Co. v. Ingrid House, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of June, two thousand twenty-two.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

───────────────────────────────

GOLDEN INSURANCE COMPANY,

> *Plaintiff-Appellant*,

v.                                                       No. 21-1337

INGRID HOUSE LLC,

> *Defendant-Appellee.**

───────────────────────────────

─────────────────────

\*    The Clerk of Court is respectfully directed to amend the caption as set forth above.

FOR APPELLANT:                    TIMOTHY W. STALKER (George J. Vogrin and
                                  Matthew E. Rayburn, Vogrin & Frimet, LLP,
                                  New York, NY, *on the brief*), Stalker PC,
                                  Landenberg, PA.

FOR APPELLEE:                     NEAL FELLENBAUM, Zegen & Fellenbaum,
                                  New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis J. Liman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Golden Insurance Company ("Golden Insurance") appeals from the district court's order granting summary judgment in favor of Defendant-Appellee Ingrid House LLC ("Ingrid House"), following an insurance dispute over coverage for a fatal construction accident. "We review de novo the award of summary judgment." *Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018) (emphasis omitted). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(a)). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In December 2015, Luis Alberto Pomboza Chicaiza was working on a construction project at a building owned by Ingrid House when a wall collapsed, causing him to fall to his death from the fourth floor of the building. The construction project – which involved adding two stories to an existing four-story apartment building located at 356 East 8th Street, New York, New York – was covered by a general commercial liability policy issued by Golden Insurance (the "Policy"). Under the Policy, Golden Insurance agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies." App'x at 29 (internal quotation marks omitted). The Policy then specifies that the insurance "applies" to claims for damages arising out of bodily injury or property damage occurring at 356 East 8th Street after the Policy's retroactive date, so long as the claim is made and reported during the policy period. App'x at 29, 86. The Policy provides that Golden Insurance has the right and duty to defend Ingrid House against any suit seeking such damages.

A separate section of the Policy contains various exclusions to coverage – two of which are relevant to this dispute. "Endorsement #10" excludes coverage for "subsidence, settling, expansion, sinking, slipping, falling away, caving in,

3

shifting, eroding, consolidating, compacting, flowing, rising, tilting or any other similar movement of earth or mud or expansion of soils, regardless of whether such movement is a naturally occurring phenomena or is man-made." App'x at 77. "Endorsement #30" excludes coverage for "[b]odily injury or property damage arising out of [Ingrid House's] work on the exterior of any building which its highest point is over three (3) stories in height." App'x at 87.

In December 2017, representatives of Mr. Chicaiza's estate filed a lawsuit in New York state court against Ingrid House for damages arising out of Mr. Chicaiza's injuries and death. Golden Insurance was notified of the lawsuit, and on January 24, 2018, it issued a letter acknowledging its obligation to provide Ingrid House with a defense but reserving its right to disclaim coverage based on Endorsements #10 and #30 (the "January 2018 Letter"). The January 2018 Letter noted that the construction project involved the exterior of a building that was over three stories in height – such that Endorsement #30 likely barred coverage – but that it was "unknown at th[at] time" whether the injury "arose out of [Ingrid House's] work on the exterior of the building." App'x at 190. The letter also stated that Endorsement #10 potentially barred coverage because the accident "may have been cause[d] by a full or partial building collapse." *Id*. at 191. Over

4

two years later, on February 10, 2020, Golden Insurance filed this declaratory judgment action in federal court seeking a declaration that, based on Endorsements #10 and #30, there is no coverage under the Policy for any liability arising from Mr. Chicaiza's injuries and death; that Golden Insurance may withdraw from the defense of the underlying lawsuit; and that Ingrid House must reimburse Golden Insurance for all fees, costs, and expenses incurred in providing a defense.

New York Insurance Law § 3420(d)(2) requires a timely disclaimer of coverage in "insurance cases involving death and bodily injury claims arising out of a New York accident and brought under a New York liability policy." *KeySpan Gas E. Corp. v. Munich Reinsurance Am., Inc.*, 23 N.Y.3d 583, 590 (2014). To the extent that section 3420(d)(2) applies here (an issue discussed further below), Golden Insurance is precluded from denying coverage because its two-year delay in disclaiming liability was unreasonable as a matter of New York law, which governs this dispute. Section 3420(d)(2) provides:

> If under a liability policy issued or delivered in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice *as soon as is reasonably possible* of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.

5

N.Y. Ins. Law § 3420(d)(2) (emphasis added). The purpose of section 3420(d)(2) is to "expedite the disclaimer process, thus enabling a policyholder to pursue other avenues expeditiously." *First Fin. Ins. Co. v. Jetco Contracting Corp.*, 1 N.Y.3d 64, 68 (2003). "If the insurance carrier fails to disclaim coverage in a timely manner, it is precluded from later successfully disclaiming coverage." *NGM Ins. Co. v. Blakely Pumping, Inc.*, 593 F.3d 150, 153 (2d Cir. 2010) (citing *Hartford Ins. Co. v. Nassau County*, 46 N.Y.2d 1028, 1029 (1979)).

"The insurer bears the burden to explain the reasonableness of any delay in disclaiming coverage." *Hunter Roberts Constr. Grp., LLC v. Arch Ins. Co.*, 904 N.Y.S.2d 52, 57 (1st Dep't 2010). "The question as to whether the insurer disclaimed coverage as soon as reasonably possible after it first learns of the ground for disclaimer is necessarily case-specific," but "where there is no excuse or mitigating factor, the issue poses a legal question for the court, and courts have found relatively short periods to be unreasonable as a matter of law." *ADD Plumbing, Inc. v. Burlington Ins. Co.*, 140 N.Y.S.3d 408, 408 (1st Dep't 2021) (internal quotation marks omitted); *see also First Fin. Ins. Co.*, 1 N.Y.3d at 70 (noting that New York's intermediate appellate courts have "found fixed periods of less than 48 days unreasonable as a matter of law").

Here, Golden Insurance waited *two years* after learning of the underlying lawsuit to disclaim coverage for damages arising out of the accident, even though the record reflects that "the basis for the disclaimer was, or should have been, readily apparent" by January 2018 – if not earlier. *Hunter Roberts*, 904 N.Y.S.2d at 57.[1] Golden Insurance was first notified of the accident in January 2016 and had ample time to investigate the facts relevant to coverage. By the time it learned of the underlying lawsuit in January 2018, it knew that the construction project involved the exterior of the building and that the building was over three stories high. It also knew that the accident "may have been cause[d]" by a wall collapse. App'x at 191. Moreover, following the accident in December 2015, the New York City Buildings Department issued a public violation report, stating that the accident resulted from the failure to "adequately secure [a] section of [a] parapet wall during demolition work."[2] *Id*. at 264 (capitalizations omitted). The United States Occupational Safety and Health Administration ("OSHA") also investigated the accident and stated, in a publicly-accessible citation issued on

---

[1] A reservation of rights letter (such as the January 2018 Letter) does not satisfy section 3420(d)(2) and "has no relevance to the question whether the insurer has timely sent a notice of disclaimer of liability or denial of coverage." *Hartford Ins.*, 46 N.Y.2d at 1029.

[2] "[A] parapet wall is a 'low wall or railing to protect the edge of a platform, roof, or bridge.'" Sp. App'x at 20 (quoting Dist. Ct. Dkt. 71 at 20 (Golden Insurance's summary judgment motion)).

June 21, 2016, that workers were "demolishing a masonry wall along the west side of the building" when a portion of the wall fell onto a temporary work floor on which Mr. Chicaiza was working, breaking the floor and causing Mr. Chicaiza's fatal fall. *Id*. at 260. Indeed, Golden Insurance relies on New York City's violation report to support its argument that coverage is clearly barred by Endorsements #10 and #30.

Golden Insurance maintains that there was still uncertainty over whether Mr. Chicaiza's accident arose from work on the exterior of the building, but it fails to explain "why anything beyond a cursory investigation was necessary to determine" this crucial – but straightforward – fact. *Hunter Roberts*, 904 N.Y.S.2d at 57. "If the delay allegedly results from a need to investigate the facts underlying the proposed disclaimer, the insurer must demonstrate the necessity of conducting a thorough and diligent investigation." *Id.*; *see also GPH Partners, LLC v. Am. Home Assurance Co.*, 929 N.Y.S.2d 131, 133 (1st Dep't 2011) (explaining that, "where the basis for disclaimer is not readily apparent, the insurer has a duty to promptly and diligently investigate the claim"). There is no evidence in the record that Golden Insurance diligently investigated the relevant facts, and Golden Insurance offers no reason as to why such an investigation should have

8

taken two years. *See Hartford Ins.*, 46 N.Y.2d at 1030 (holding that, where "there is absolutely no explanation for the delay provided by the insurer, a delay of two months is, as a matter of law, unreasonable").

Golden Insurance nonetheless contends that, even if it *was* aware of the facts supporting disclaimer based on an outside investigation, it was nonetheless obligated to defend the lawsuit at its initial stages because the allegations in the underlying complaint were ambiguous as to coverage. It is true that the duty to defend is "exceedingly broad" and that an insurer must provide a defense "whenever the allegations of the complaint suggest a reasonable possibility of coverage." *Auto. Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137 (2006) (internal quotation marks and alterations omitted). But "the insurer's duty to defend is not an interminable one, and will end if and when it is shown unequivocally that the damages alleged would not be covered by the policy." *Stein v. N. Assurance Co. of Am.*, 617 F. App'x 28, 30 (2d Cir. 2015) (quoting *Sturges Mfg. Co. v. Utica Mut. Ins. Co.*, 37 N.Y.2d 69, 74 (1975)) (alterations omitted). "Where the issue is clearcut, the insured or the insurer [is] entitled to obtain a prompt judicial determination, whether by summary judgment, declaratory judgment or otherwise that, contrary to the allegations of the personal injury plaintiff's

complaint, . . . the insurer is not obligated by its contract of insurance to furnish a defense to the [insured.]" *Colon v. Aetna Life & Cas. Ins. Co.*, 66 N.Y.2d 6, 10 (1985). Again, Golden Insurance fails to sufficiently explain why it could not have brought this declaratory judgment action to disclaim coverage and terminate any duty to defend years earlier.[3]

Golden Insurance next argues that, even if its disclaimer was untimely under section 3420(d)(2), it was not bound by that statute's timeliness requirements because the claim here falls outside of the Policy's coverage provisions. Golden Insurance relies on "the seminal case" of *Zappone v. Home Insurance Company*, in which "the New York Court of Appeals interpreted [section 3420(d)(2)] as requiring notice only for a 'denial of liability predicated upon an exclusion set forth in a policy which, without the exclusion, would provide coverage for the liability in question.'" *NGM Ins.*, 593 F.3d at 153 (quoting 55 N.Y.2d 131, 134 (1982)). Golden Insurance argues that, under *Zappone*, timely disclaimer under section 3420(d)(2) is not required where "the policy as written could not have covered the liability in question under any circumstances."

---

[3] Indeed, even if the Court were to credit Golden Insurance's argument that it only learned of the basis for disclaimer when it obtained deposition testimony in June and July 2019, it *still* fails to explain why it waited more than six months after that to bring this action.

10

*Zappone*, 55 N.Y.2d at 134. But *Zappone* is of no moment, since New York law recognizes that timely disclosure *is* required "when a claim falls within the coverage terms but is denied based on a policy exclusion." *Markevics v. Liberty Mut. Ins. Co.*, 97 N.Y.2d 646, 649 (2001).

Here, the claim – for a bodily injury that occurred at the insured premises – fell "squarely within the [P]olicy's coverage provisions," and would have been covered but for a specific exclusion. *Worcester Ins. Co. v. Bettenhauser*, 95 N.Y.2d 185, 190 (2000). This case is therefore unlike *Zappone*. There, the New York Court of Appeals held that section 3420(d)(2)'s statutory predecessor did not require timely disclaimer of coverage where the liability for a car accident had been "incurred neither by the person insured nor in the vehicle insured," since coverage was "never contemplated by the parties." *Zappone*, 55 N.Y.2d at 135, 138. Here, in contrast, the Policy clearly contemplates coverage for claims arising out of bodily injury at the construction site; Golden Insurance was therefore required to timely disclaim coverage under section 3420(d)(2) so as "not to mislead the insured and the injured person to their detriment." *Id.* at 136.

Finally, Golden Insurance argues that, under *Nadkos, Inc. v. Preferred Contractors Insurance Company Risk Retention Group LLC*, 34 N.Y.3d 1 (2019), section

11

3420(d)(2) does not apply to Golden Insurance because it is a nondomiciliary risk retention group ("RRG"). Golden Insurance did not advance this argument in its underlying motion for summary judgment, and instead raised the issue for the first time below in a motion for reconsideration – which the district court denied.[4]

"[W]e generally will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration, though this is a prudential rather than jurisdictional rule." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 53 (2d Cir. 2012) (internal quotation marks and alterations omitted). While "[w]e retain broad discretion to consider issues not timely raised below," *Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 159 (2d Cir. 2003) (internal quotation marks omitted), "the circumstances normally do not militate in favor of an exercise of discretion to address new arguments on appeal where those arguments were available to the parties below

---

[4] At oral argument, counsel for Golden Insurance stated that this appeal encompassed the district court's denial of its motion for reconsideration. But Golden Insurance's notice of appeal – which was filed after the district court's summary judgment ruling but before it decided the motion for reconsideration – designated only the May 10, 2021 summary judgment order as the order being appealed. ECF No. 1. Because Golden Insurance never filed an amended notice of appeal after the district court ruled on its motion for reconsideration, that order does not fall within the scope of our review. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *see also Sorensen v. City of New York*, 413 F.3d 292, 295–96 & n.2 (2d Cir. 2005); *Amaker v. Bradt*, 745 F. App'x 412, 413–14 (2d Cir. 2018). We note, however, that this has no bearing on our discretion to consider a purely legal argument for the first time on appeal. *See Beason v. United Techs. Corp.*, 337 F.3d 271, 274–75 (2d Cir. 2003).

and they proffer no reason for their failure to [timely] raise the arguments below," *Doe v. Trump Corp.*, 6 F.4th 400, 410 (2d Cir. 2021) (citation and alterations omitted). Here, the argument that RRGs need not comply with section 3420(d)(2) was undoubtedly available to Golden Insurance well before it filed its motion for summary judgment. *Nadkos* was decided in June 2019 – eight months before Golden Insurance commenced this action in February 2020, and over a year and a half before it moved for summary judgment in January 2021. Golden Insurance offers no justification for its failure to raise the issue at that time, and we therefore decline to consider Golden Insurance's belated argument.

We have considered Golden Insurance's remaining arguments and find them to be meritless. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

13